IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ANDRE SMALLS, :
    Plaintiff, :
 :
v. : CIVIL ACTION NO. 21-CV-0903
 :
P/O REILLY, *et al.* :
    Defendant. :

# MEMORANDUM

**JONES, II, J.**                                                                                                                                                                          **MAY 14, 2021**

      Plaintiff Andre Smalls, a prisoner currently incarcerated at the Bucks County Correctional Facility, filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging that he has been subjected to illegal searches by certain Philadelphia Police Officers. (ECF No. 2.) Smalls seeks leave to proceed i*n forma pauperis*. After filing his Complaint, Smalls filed a series of motions seeking leave to file an amended complaint. By Order dated March 12, 2021, the Court granted Smalls leave to file an amended complaint so that he could bring all of his allegations together in one pleading. Smalls filed his Amended Complaint on March 24, 2021.[1] (ECF No. 10.) For the following reasons, Smalls will be granted leave to proceed *in forma pauperis*, and his Amended Complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Smalls will, however, be given an opportunity to file a second amended complaint.

---

[1] An amended complaint, once submitted to the Court, serves as the governing pleading in the case because an amended complaint supersedes the prior pleading. *See Shahid v. Borough of Darby*, 666 F. App'x 221, 223 n.2 (3d Cir. 2016) (per curiam) ("Shahid's amended complaint, however, superseded his initial complaint." (citing *W. Run Student Hous. Assocs. LLC v. Huntingdon Nat'l Bank*, 712 F.3d 165, 171 (3d Cir. 2013)); *see also Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019) ("In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity. Thus, the most recently filed amended complaint becomes the operative pleading.") (internal citations omitted).

**I.    FACTUAL ALLEGATIONS**

Smalls has named several Philadelphia Police Officers as Defendants in this civil rights action. (ECF No. 10 at 1-3, 12.)[2] Specifically, Smalls has named the following Defendants in their individual capacities: P/O Reilly (Shield No. 1784), P/O McCauley (Shield No. 5026), P/O Rausch (Shield No. 7277), P/O Fagan (Shield No. 6686), P/O Ferguson, P/O Aponte (Shield No. 1889), and P/O Perez (Shield No. 1889). (*Id.*) Smalls asserts that his rights were violated by the Defendants on November 21, 2019 at the corner of Torresdale Avenue and Van Kirk Street. (*Id.* at 3-5.)

The allegations in the Amended Complaint are brief. Smalls avers that Officers Reilly, McCauley, Rausch, Aponte, and Perez "illegally search[ed] [his] car without a warrant." (*Id.* at 5.) With respect to Officer Ferguson, Smalls avers that he "illegally search[ed] his penis and buttock[s] without a warrant." (*Id.*) Smalls asserts that he has sustained emotional distress and has developed post-traumatic stress disorder because of the alleged conduct of Defendants. (*Id.* at 5.) He seeks punitive damages in the amount of one million dollars from each of the Defendants. (*Id.*)

A review of public records indicates that Smalls pled guilty to drug charges on August 22, 2016 and was sentenced to a minimum of eighteen to a maximum of thirty-six months imprisonment to be followed by a consecutive term of two years' probation. *See Commonwealth v. Smalls*, CP-09-CR-1914-2016 (C.C.P. Bucks). On September 10, 2020, the Bucks County Probation Department filed a praecipe for probation/parole violation hearing as a result of new charges. (*Id.*) An Order granting motion for hearing on violation of probation/parole was

---

[2] The Court adopts the pagination supplied by the CM/ECF docketing system.

entered by Judge Bateman on September 14, 2020. (*Id.*) A probation/parole violation hearing was conducted on January 22, 2021. (*Id.*) According to the state court docket, Smalls remains in custody at the Bucks County Correctional Facility. (*Id.*)

## II. STANDARD OF REVIEW

The Court will grant Smalls leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[3] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. (*Id.*) As Smalls is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## II. DISCUSSION

The vehicle by which federal constitutional claims may be brought in federal court is Section 1983 of Title 42 of the United States Code, that provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

---

[3] However, as Smalls is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

3

42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Smalls's Fourth Amendment claims related to the events of November 21, 2019 fail because they are not adequately pled.  The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures."  U.S. Const. amend. IV.  To state a claim for false arrest under the Fourth Amendment, a plaintiff must allege facts establishing that he was arrested without probable cause.  *See Orsatti v. N.J. State Police*, 71 F.3d 480, 482 (3d Cir. 1995).  "[P]robable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested."  *Id.* at 483.  Likewise, "probable cause justifies a search."  *Whren v. United States*, 517 U.S. 806, 819 (1996).

It appears from the state court dockets that Smalls may have been on probation on November 21, 2019.  In that case, Smalls must allege facts from which it could be plausibly inferred that reasonable suspicion was lacking for the search.  "[N]o more than reasonable suspicion" is required to justify a search of a probationer, since a probationer's reasonable expectation of privacy is decreased and the government's reasonable need to monitor behavior is increased.  *United States v. Williams*, 417 F.3d 373, 376 (3d Cir. 2005), citing *United States v. Knights,* 534 U.S. at 121, 118-119 (2001).  A parole officer is also empowered to conduct a warrantless search of a parolee's property based on reasonable suspicion that the parolee has violated a condition of parole, even after the parolee is in custody.  *United States v. Strickland*,

237 F. App'x 773, 777 (3d Cir. 2007), citing *United States v. Baker,* 221 F.3d 438, 443-45 (3d Cir.2000) and *United States v. Hill,* 967 F.2d 902, 907-11 (3d Cir.1992).

Here, Smalls has not alleged sufficient facts to state a plausible claim that he was searched without probable cause or reasonable suspicion. Although he baldly alleges that the Defendants conducted illegal searches, he does not provide factual allegations in support of those conclusory assertions. In other words, Smalls has failed to allege sufficient facts and circumstances about the searches that occurred on November 21, 2019 to support a plausible inference that the Defendants lacked probable cause or a reasonable suspicion to search his car and his person. His claims therefore fail. *See Iqbal*, 556 U.S. at 678 ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) ("[A] complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts.").

## IV.  CONCLUSION

For the foregoing reasons, the Court will grant Smalls leave to proceed *in forma pauperis* and dismiss his Amended Complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). This dismissal will be without prejudice to Smalls's right to file a second amended complaint in the event he can state a plausible claim against the named Defendants. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). An appropriate Order follows.

**BY THE COURT:**

**/s/ C. Darnell Jones, II**
**C. Darnell Jones, II   J.**
